## No. 686.

SUCCESSION OF JOHN COOK.    ON OPPOSITION TO ACCOUNT.

An appellee cannot have a judgment amended as against his co-appellees, by filing an answer to the appeal praying such amendment. If the judgment was unsatisfactory to him, he should have appealed from it.

If an executor sells the property of another among the succession effects, the owner of such property is entitled to the proceeds of its sale, not by virtue of any privilege, but because of ownership thereof.

A tutor, claiming for his pupil the benefit of the portion reserved to the necessitous widow and minor children of a decedent, by way of opposition to an account, must appeal, if he would rectify the judgment of the Probate Court *quoad* his claim.

APPEAL from the Parish Court of Caddo.    CRESWELL, J.

*Alexander* for the Succession.    *Duncan & Moncure* and *J. W. Jones* for Opponents.

The executor filed a tableau of debts which was opposed by the guardian of Lucy Cook, claiming $1,000 as the portion of a minor

child in necessitous circumstances, and by Crane, Breed & Co. claiming a special privilege upon the proceeds of sale of certain property. The succession was insolvent. The judge ranked as first the funeral expenses, law charges, etc., next the claim of Crane, Breed & Co., and then the minor's portion in preference to all other privileges. The executor appealed.

DE BLANC, J. The tutor answered the appeal praying an amendment as to the minor's claim. To grant his application we would have to amend the judgment to the detriment of other appellees, and it is well settled that as between co-appellees the judgment appealed from cannot be amended. 11 A. 545; 15 A. 448; 20 A. 307; 21 A. 719.

The claim of Crane & Co. was properly classed by the lower court. Property belonging to them had been sold as the property of the succession. It matters very little whether the proceeds of that sale were mixed with the funds of the succession, or whether the effects of Crane & Co. were confusedly sold with a mass of other effects.

They have claimed and proved that among the funds which the executor is about to distribute — the price of their property is included and that they are entitled to it, not as creditors of the deceased, but as owners of the property which was theirs when sold, which never passed to the succession, and can in no way be subjected to the payment of its debts.

They are entitled to the rank fixed in the judgment of homologation, not because of the preference granted in an *ex parte* proceeding, but because of the recognition of *their title to the property*, by a competent court, in a regular suit, tried contradictorily with the executor.

Crane, Breed & Co. are not attempting to enforce any privilege or right which affected any property of the succession of Cook, or which attached to any of the proceeds of its sale.

They are not asking a share of the money collected for and belonging to said succession, but they are simply asking that out of the sum about to be distributed there shall be deducted the acknowledged price of their acknowledged property.

Their demand is just.

*Judgment affirmed.*